# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY HULBERT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-544-SMY-RJD |
| | ) |
| PARAMJIT SINGH, | ) |
| HJM TRANSPORT, INC., and | ) |
| BRS EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pleaded diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of St. Clair County, Illinois.

Plaintiff Kathy Hulbert filed suit against Defendants Paramjt Singh, HJM Transport, Inc., and BRS Express, Inc. on February 6, 2018, alleging that she sustained personal injuries in an automobile accident. The lawsuit was originally filed in the Circuit Court of St. Clair, Illinois. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive

of interest and costs. Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006). The amount in controversy stated in the plaintiff's Complaint generally controls, unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence. *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

Jurisdictional facts must be established by a preponderance of the evidence. *Meridian*, 441 F.3d at 540. The removing party's burden is to show "what the plaintiff hopes to get out of the litigation." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands."). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking removal. If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *Id.*

In this case, Plaintiff's Complaint requests judgment "in an amount more than $50,000.00" (Doc. 1-1). Defendants assert that the amount in controversy exceeds $75,000 based on Plaintiff's allegations that she sustained temporary and permanent injuries and will "incur large sums of money in endeavoring to become cured of the said injuries" (Doc. 1, p. 2). These allegations are insufficient to establish the amount in controversy.

Because Defendants have not provided the Court with any competent evidence indicating that the amount in controversy actually exceeds $75,000, they have failed to meet their burden to

provide the Court with a plausible basis for concluding that the amount in controversy exceeds the jurisdictional requirement. *See McMillian v. Sheraton Chi. Hotel & Towers,* 567 F.3d 839, 844–45 (7th Cir. 2009) (finding claims for "future medical expenses" and "pain and suffering" could not account for jurisdictional shortfall without competent proof). Therefore, this Court does not have proper subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the case to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**